(34 Misc. Rep. 270.)

## BAILEY v. CARTER.

(Supreme Court, Special Term, New York County.    March, 1901.)

REPORT OF REFEREE—CONFIRMATION.
>    Under General Rules of Practice, No. 30, providing that in references
>    other than for the trial of issues in an action the report of the referee
>    shall become absolute unless exceptions are filed within eight days after
>    notice, on proof of service of notice of filing the report in order to fix
>    the date thereof the report will be confirmed when no exceptions are filed
>    within such time.

Action by Charles E. Bailey against Frank R. Carter. Motion to
confirm report of referee appointed to state an account of the profits.
Confirmed.

H. M. Greene, for plaintiff.
Large & Stallknecht, for defendant.

GILDERSLEEVE, J. On or about February 4, 1898, an interlocu-
tory judgment was entered in this action, where Mr. Marx E. Harby
was appointed referee to take and state an account of the profits
of the business referred to in the counterclaim, and report to the
court. The referee has made his report, which was filed on or about
October 1, 1900. No exceptions have been filed to the report, and
this motion is made to confirm the report and for final judgment.
The motion is opposed on the ground of alleged errors in the findings
of the referee. Rule 30 of the general rules of practice reads thus:

"In references other than for the trial of the issues in an action, or for com-
puting the amount due in foreclosure cases, the testimony of the witnesses
shall be signed by them, and the report of the referee shall be filed with the
testimony, and a note of the day of the filing shall be entered by the clerk
in the proper book under the title of the cause or proceeding, and the said
report shall become absolute and stand in all things confirmed, unless excep-
tions thereto are filed and served within eight days after service of notice
of the filing of the same. If exceptions are filed and served within such time,
the same may be brought to a hearing at any special term thereafter on
notice of any party interested therein."

As I have said, no exceptions to the report have been filed, al-
though the report itself was filed in October last. The rule, however,
allows the exceptions to be filed within eight days after service of
the notice of the filing of the report. A certificate is handed up that
no exceptions have been filed, but I find no proof of the service of a

notice of the filing of the report from which date the eight days would commence to run. Let this necessary proof be handed up, and, if such notice was served more than eight days ago, the report must, under the provisions of rule 30, be confirmed, as no exceptions have been filed. See Catlin v. Catlin, 2 Hun, 378; In re Talmage, 39 App. Div. 466, 57 N. Y. Supp. 427. There is no motion before me to open the default and permit the exceptions to be filed nunc pro tunc, and I have only to comply with the requirements of rule 30.

Ordered accordingly.